We'll hear argument now in the case of Davis v. Anderson. Thank you. Good morning, Your Honor. Mr. Davis. Good morning, Your Honor. As may it please the Court, I'm having a temporary vision problem, so shield is here, assisting me, making sure I don't commit any batteries running into folks. Your Honor, we're here on the case of Davis v. Anderson, and some of the issues that I wanted to point out to the Court, apparently suggest to the Court that the issues confined to merely Rule 8 and Rule 10, we disagree, and that we listed a number of other issues that we feel comes into play that the Court used to make its decision to dismiss the case. We brought in the issue of regional bias, and the District Court criticized the plaintiff for even bringing that in. The reason we brought it in is the regional bias goes to the area that this thing took place is in the state of Alabama. We did put some exhibits in our brief showing that there was a regional bias in reference to the North versus the South. It's almost as if we're continuing the Civil War on the head of, at that time, the appellant's son, who was 10 years old. He's autistic, and we were informed, or his mother was informed, that the school would not grant or give any type of educational assistance to the handicapped, being that she was from Indiana. Later on, in researching the area, we found that the Court and the school had a bias in reference to individuals from northern Indiana, and that's why we brought in the fact of the Civil War, and after the Civil War, most of the slaves came to northern Indiana. When I came down to Alabama to assist, I'm also the plaintiff as well as the father in the case. Counsel, our time is short. I think you need to address the reasons the District Court gave for dismissing the complaint. Yes, the District Court gave reasons of Rule 8 and Rule 10. We contend that Rule 8 was completely satisfied. In fact, what we did, we used a more stringent standard under Bell Atlantic v. Trembley, which really suggested the case should be played in a way that is plausible. Given we had 16 years of facts and 12 defendants, we submitted a brief and also... It's that it was tediously long and essentially incomprehensible. Yes. Have we ever held that a District Court lacks power to dismiss a 500-page long complaint? No, Your Honor. Has any circuit ever so held? Well, there was some circuits that held the length was an issue. In our case, we contend that the length was necessary in order to plead a case... Length is never necessary under the rules. Never. And we also contend that the case was clear enough for not only the court to discern what we were saying, but also that what the court was really examining and critiquing was a preliminary and also a chronology. The court, we felt, was biased in reference to saying that it wasn't discernible. The court was able to pick out many issues and many facts and many statements in the complaint that they were able to discern. And so we're saying that it's contradictory. If you're saying you can't discern what is there and you're able to pick out so many elements, then that's not correct. So we're saying to this court that it was discernible and we did amend the case, the complaint, and 10 was completely fulfilled. The complaint lists and counted and put in the numbers on each of the complaints and each of the claims. So both of those issues and both of those portions were satisfied. And we're going to be served the rest of our time for rebuttal. Certainly, Mr. Davis. Good morning, Your Honors. Wait until Mr. Davis finds his seat. Mr. Cedillo. Good morning, Your Honors. Adam Cedillo. I represent Howard and Connie Shaw. I will be speaking on behalf of all the appellees. The notice pleading requirements of the rules are designed to streamline litigation, to frame the issues early on, and to simplify court procedure going forward. The flip side of that is if they're not followed, then litigation can become unnecessarily complicated, wasting the time of the district court and making things difficult for the defense. This case illustrates a circumstance where dismissal is the appropriate action to take when the rules of pleading are not followed. The district court was correct. These are not just technical requirements. They are necessary for the orderly handling of litigation in federal court. Regarding Rule 8, the complaint must state a short and plain statement of the claim. The complaint here, the 165-page monster, after the 574-page complaint was dismissed, is neither short nor is it plain. We have an 83-page preliminary statement followed by a 40-page chronology. We're already at novel length before any of the claims are even articulated. And that doesn't include the 429 pages of exhibits that were attached to the complaint. As this court is held, length alone may make the complaint unintelligible because it's like, quote, fishing a gold coin from a bucket of mud. The Davis's here reference the Twombly and Iqbal cases, which require minimal factual basis for sufficient notice of the claim. If that's what they were going for, this is certainly a case of overkill because the factual statements are so broad and so stream of consciousness that it obscures what the actual claims are. And that doesn't even get to Rule 10, where none of the paragraphs in the 125-page preliminary statement are numbered. Rule 10 requires each paragraph to be limited as far as practicable to a single set of circumstances. That is not the case. And even where they are numbered in the claims, each claim, each count, 12 of the 16 counts, take up a single monstrous paragraph that's more than a page long. And the remaining four counts aren't any better. I would turn the court's attention to the Fredrickson case where this court upheld a dismissal of a pro se complaint after the district court gave four tries. It noted that although the plaintiff did put numbers in front of some paragraphs, most of them were absurdly long and covered multiple parties and grievances. That's exactly the case here. Dismissal with prejudice was appropriate there. Dismissal with prejudice was appropriate here. And in fact, the violation is even more egregious because Mr. Davis is a licensed attorney and is not held to the deferential standard that the pro se plaintiffs in Fredrickson were. And if there are no questions from your honors, I will conclude there. Thank you, counsel. Mr. Moore. Thank you, your honor. May it please the court. I represent Judge Gene Anderson and Judge Woodruff in this litigation. And out of an abundance of caution in the light of the court's de novo standard of review for a motion to dismiss in order on a motion to dismiss, we reserve time in the event that there was advocacy or in the event that this court has any questions on the judicial immunity component of the argument that we raise in our motion. Having heard no advocacy on that issue up to this time, and it really wasn't fleshed out in the briefs, unless the court has questions, I'll sit down and we'll move on. Certainly, counsel. Good idea. Thank you. Now, Mr. Davis, anything further? Yes, your honor. Again, I note that Pelley's, and we brought that out in our brief, trying to speak to Lent. I know the court hasn't dismissed a case on Lent, but he's inferring that that can make the case impossible to discern. Eight merely says that where possible, where possible, a plea should be clear and short, where possible. We're looking at about 16 years' worth of actions and 12 different defendants. And where possible is the controlling, and I would say the critical area of eight that we responded to. Also, he mentioned, Pelley mentioned the preliminary. Again, that's what it is, preliminary. The rule does not include, eight and ten does not include a preliminary or a chronology. So that should not be the criteria for which a case is dismissed. I'm going to reserve. Your honor, further, I would submit to the court that even the district court brought out the fact that when ten and eight was promulgated, the word he used, and that would be, I would say, the controlling word, he suspect that had promulgators of ten and eight considered or thought that preliminary would be included or chronology wouldn't be included, it would have expanded the requirements of ten and eight to a preliminary and to a chronology. So he admitted, the district court admitted, and I believe it's correct, that rule eight and rule ten does not go to the preliminary. And Pelley's continued to argue that in the motions to dismiss, most of the critique that the district court made in reference to the complaint was based on the preliminary and or the chronology. And we would sit forth and also that when we speak about a chronology, it really adheres to rule nine. Rule nine speaks to making a specific facts and place and time when something occurs. And so rule, even though it wasn't required that the chronology really followed that fact, the court also dismissed it on the basis of judicial economy. Well, the court has the tools, we submit to this court, to confine a case to judicial economy. Via 16, via discovery, limitations and motions and so on, the court allowed many of the defendants to come in. We accommodated those extensions, some with one of the defendants, 40 some odd days. We lost an opportunity to file a motion for default in six defendants that were properly served, because we were constantly on the clock in reference to our responses for numerous defendants who came in late and had a kind of a disconcern and disrespect for the district courts. Six defendants did not come in at all. And one we feel was more culpable than the rest, did not even respond. And that's why in our brief we asked when we filed it that we should be granted a default, but we weren't even allowed to do that. And lastly, Your Honor, we had approximately, Your Honors, we had approximately ten days extended to us that was not vacated when the district court dismissed the case with prejudice. Those ten days were... Mr. Davis, you have one minute remaining. That extension we lost. And so we say due process was not granted to us. Thank you, Your Honor. Thank you very much. The case is taken under advisement.